IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Jarrod A. Spence,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:15cv529 (AJT/TCB) |
| | ) |
| Harold Clarke,<br>    Respondent. | )<br>)<br>) |

FILED
AUG 18 2015
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION AND ORDER

Jarrod A. Spence, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions of armed robbery, abduction and other offenses entered in the Circuit Court for the City of Chesapeake. Petitioner has paid the statutory filing fee. By Order dated June 16, 2015, petitioner was directed to show cause why his petition should not be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). On July 14, 2015, petitioner submitted his response in the form of a letter. After careful consideration, the petition must be dismissed as barred by the statute of limitations.

Following a jury trial, petitioner was convicted of multiple offenses and was sentenced on June 6, 2011 to 76 years incarceration with 11 years suspended. Case Nos. CR10-2077-07 and -08. Pet. at 1. The convictions and sentence were affirmed by the Court of Appeals of Virginia on July 10, 2012, and the Supreme Court of Virginia refused a petition for appeal on January 16, 2013. Id. Therefore, petitioner's convictions became final on April 16, 2013, the last date he could have petitioned the United States Supreme Court for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007).

On December 26, 2013, petitioner filed a petition for a state writ of habeas corpus in the trial court. The petition was denied on May 29, 2014, and petitioner took no appeal. Petitioner filed the instant § 2254 petition on April 10, 2015.[1]

A § 2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year limitations period, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts).

Here, after petitioner's conviction became final on April 16, 2013, 254 days passed before he filed his state habeas corpus application on December 26, 2014. Between May 29, 2015, the date the denial of the state habeas petition became final, and April 10, 2015, the date this federal petition was filed, an additional 316 days elapsed. When these dates are combined they reveal that the instant petition was filed 570 days after petitioner's conviction became final, or 205 days beyond the expiration of the one-year limitations period.

In his response to the Order of June 16, 2015, petitioner does not dispute the accuracy of

---

[1] For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner states that he placed his petition in the prison mailing system on April 10, 2015, and it was date-stamped as received by the Clerk on April 16, 2015.

any of the foregoing dates. He states, however, that he "was under the impression that [he] had one year to file [his] state habeas petition and once that was settled, [he] had one year from that date to file a federal [sic]." Dkt. 4 at 1-2. Unfortunately, petitioner's understanding is mistaken. The plain language of § 2244(d)(1) provides in relevant part that the one-year limitations period begins to run when "the judgment [of conviction] becomes final," rather than when any state collateral proceedings are at an end. Thus, federal courts look to the date on which a state conviction is affirmed on direct review, rather than to the date a state court denies collateral relief, as the date on which the custody judgment becomes final for purposes of computing the limitations period. Wade v. Robinson, 327 F.3d 328, 333 n. 4 (4th Cir.), cert. denied, 540 U.S. 912 (2003). If petitioner's argument is broadly read to suggest that a Virginia collateral proceeding should be viewed as part of the direct appeal process, his argument still fails, as such a proceeding by definition amounts to collateral review. The term "collateral review" denotes a proceeding separate and distinct from that in which the original judgment was rendered, in which the petitioner or movant challenges the lawfulness of the original judgment. Walkowiak v. Haines, 272 F.3d 234, 237 (4th Cir. 2001). Black's Law Dictionary (7th ed., 1999) defines collateral attack as "[a]n attack on a judgment entered in a different proceeding." Since § 2244(d)(2) provides that the limitations period is tolled during the pendency of properly-filed state collateral proceedings, it is apparent that the drafters of the statute recognized the distinction between direct appeal and collateral review, and intended the two to impact differently on the timeliness of a federal habeas corpus proceeding. For these reasons, petitioner's belief that the federal limitations period is triggered only at the conclusion of state collateral proceedings is incorrect. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) (rejecting habeas

petitioner's argument that limitations period did not begin until termination of state postconviction proceedings, and holding that the period instead commences "upon conclusion of direct review of a judgment of conviction").

Petitioner also states in his response to the Order of June 16 that he is a "true layman when it comes to the law" and that he has been"pursuing justice with the very best of the ability that [he] has." Dkt. 4 at 2. Read liberally, petitioner's statement may be interpreted as an argument that he is entitled to equitable tolling of the limitations period. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). To qualify for equitable tolling, a petitioner must demonstrate both (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 12304, 1307 (11th Cir. 2008)). The petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129,

4

134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (" We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")

Pursuant to these authorities, petitioner's suggestion that he is entitled to equitable tolling because he is a layman at law is without merit. That argument has been uniformly rejected not only by the Fourth Circuit, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."), but also by virtually every court that has considered it. See, e.g., Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling ...."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Further, petitioner has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result." Rouse, 339 F.3d at 246. Accordingly, this petition is time-barred from federal consideration.

Accordingly, it is

ORDERED that this petition be and is DISMISSED, WITH PREJUDICE, as time-barred.

**This is a final order for purposes of appeal.** To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and to close this civil action.

Entered this ___18th___ day of ___August___, 2015.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge